**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4696

QUINTON LEON SUTTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., District Judge.
(CR-98-355)

Submitted: March 20, 2000

Decided: March 31, 2000

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter Thaniel Johnson, Jr., Juanita Boger Allen, Greensboro, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Sandra J. Hairston, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Quinton Leon Sutton was convicted on one count of conspiracy to distribute in excess of fifty grams of cocaine base ("crack"), in violation of 21 U.S.C.A.§§ 841, 846 (West 1999). The court sentenced Sutton to 290 months in prison. Sutton appeals, challenging both his conviction and his sentence. We find no merit to his claims; consequently, we affirm.

Sutton argues that the evidence was insufficient to support his conviction because the testimony of the government witnesses was unreliable and the evidence showed only individual buyer-seller relationships rather than a conspiracy. We reject the first contention because the credibility of the witnesses is the province of the jury. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Moreover, we find that the evidence that Sutton supplied a number of individuals with crack over a period of years, when viewed in the light most favorable to the government, was sufficient to support the jury's finding that Sutton was engaged in a single conspiracy. See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) ("evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were co-conspirators.").

Sutton also argues that there was a fatal variance because the indictment alleged a single conspiracy and, at the most, the evidence at trial showed multiple conspiracies. Because the evidence was sufficient for a reasonable jury to find him guilty of involvement in a single conspiracy, Sutton is not entitled to relief. See United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994). Likewise, Sutton's argument that the district court erred by refusing his request for a jury instruction on multiple conspiracies fails. See United States v. Howard, 115 F.3d 1151, 1157 (4th Cir. 1997).

Next, Sutton asserts that the district court erred by adopting the presentence report and attributing to him for sentencing purposes over 1.5 kilograms of crack. Sutton's objections essentially concern witness credibility. This court is reluctant to overturn factual findings

2

where the determination rests upon the demeanor and credibility of witnesses. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). The calculation of the exact amount of crack attributed to Sutton in the presentence report was based on statements of witnesses who testified at Sutton's trial. We find that the district court did not clearly err in finding Sutton accountable for over 1.5 kilograms of crack.

Finally, Sutton argues that the district court erred by refusing his motion for substitution of counsel. To the extent that Sutton even actually made a such a motion, we find that the district court did not abuse its discretion by denying the motion. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

For these reasons, we affirm Sutton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3